WILLIAMS, Judge.
This is an appeal from a trial court’s monetary award to plaintiff, Purolator Courier Corporation, for damages allegedly sustained when a Purolator van was hit by a bus operated under the direction of the Regional Transit Authority (RTA). For the following reasons we reverse the judgment of the trial court.
On December 28, 1983 a Purolator van was parked near the comer of St. Charles Avenue and Poydras Street in New Orleans. The driver of the van, Stanley Fulton, had parked the vehicle in order to make routine package pick-ups. Upon returning to the van, the driver entered the cargo compartment to code packages. While in the cargo compartment, Fulton felt the van rumble and shake. Fulton hurriedly exited the van in time to see a bus approximately three car lengths away from this vehicle. The bus began to make a turn onto Poydras. Fulton assumed that the shaking of the van had been caused by a side swipe and further concluded that the bus was the offending vehicle. Fulton pursued the bus on foot in the midst of rain and heavy rash hour traffic. When Fulton *794 failed to get the driver's attention, he noted the bus number and returned to his van and reported the accident to the company. Additionally, Fulton reported the incident to the RTA that evening and again the following morning. In his report he identified the bus as number 417, a green bus.
At trial Fulton testified as to the incidents of the evening. He stated that he was certain the RTA bus had side swiped him due to the location of the damage to the van and due to the fact that there were no other vehicles in the immediate vicinity which could have caused the damage. Fulton testified, also, that he reported the incident to the RTA. Although he stated in the report that the bus was numbered 417, at trial he suggested that the bus was numbered “in the fours”. In his complaint Fulton told the RTA that the bus turned from St. Charles to Poydras.
Following the reported complaint the RTA conducted an investigation. The investigating officer testified at trial that he had inspected bus 417 and that it was white rather than green and it had no damage. Although bus 417 was operating in the vicinity of the incident at the approximate time of the complaint, the testimony revealed that the bus did not make a turn on Poydras. Further, the driver did not report any unusual incidents on the evening in question.
At the trial’s conclusion the judge determined as fact that an RTA bus had side swiped a Purolator van and caused property damage. The judge rendered judgment in favor of Purolator. In the oral reasons for judgment the trial judge determined that the RTA was lax in its investigation of the incident. The court suggested that rather than investigating only bus number 417 the investigator should have examined any bus in the area at the time of the alleged side swipe. The court determined that the RTA’s evidence did nothing to counteract the testimony of the driver of the van.
In suggesting that the RTA should have conducted an investigation of all buses on routes which crossed the accident scene the trial court, in essence, placed the burden on defendant to prove that an RTA bus did not cause the accident. Granting that a thorough investigation would have included an inspection of all RTA buses running a route encompassing a turn from St. Charles to Poydras, the plaintiff’s initial complaint to RTA identifies the offending bus as number 417. We find that it was not incumbent upon the investigating authority to go further.
It is well-established that a plaintiff has the burden of proving its case by a preponderance of the evidence; to shift this burden to the defendant is manifestly erroneous. The evidence before this court clearly shows that the plaintiff did not carry its burden and because of this we find it necessary to reverse the trial court and dismiss the plaintiff's complaint.
REVERSED.